No. 23-70008

_____

# IN THE UNITED STATES COURT OF APPEALS FOR THE FIFTH CIRCUIT

_____

CEDRIC RICKS,

*Petitioner-Appellant*

v.

BOBBY LUMPKIN, DIRECTOR, TEXAS DEPARTMENT OF
CRIMINAL JUSTICE, CORRECTIONAL INSTITUTIONS DIVISION,

*Respondent-Appellee*

_____

On Appeal from the United States District Court for the Northern
District of Texas, Fort Worth Division, No. 4:20-cv-1299

_____

**PETITION FOR REHEARING EN BANC**

Jeremy Schepers
Supervisor, Capital Habeas Unit
jeremy_schepers@fd.org

Naomi Fenwick
Assistant Federal Public Defender
naomi_fenwick@fd.org

Kathryn Wood Hutchinson
Assistant Federal Public Defender
katy_hutchinson@fd.org

Office of the Federal Public
Defender
Northern District of Texas
525 South Griffin Street, Ste. 629
Dallas, Texas 75202
214.767.2746
214.767.2886 (fax)

# CERTIFICATE OF INTERESTED PERSONS

Undersigned counsel of record certifies that the following listed persons and entities as described in Fifth Circuit Rule 35.2.1 have an interest in the outcome of this case. These representations are made in order that the judges of this Court may evaluate potential disqualification or recusal.

Counsel is unaware of any other persons with an interest in this brief.

**Petitioner-Appellant:**  Cedric Allen Ricks

**Counsel for**
**Petitioner-Appellant:**  Naomi Fenwick
Kathryn Wood Hutchinson
Jeremy Schepers
Office of the Federal Public Defender
Northern District of Texas

**Respondent-Appellee:**  Bobby Lumpkin
Director, Texas Department of Criminal Justice
Correctional Institutions Division

**Counsel for**
**Respondent-Appellee:**  Jefferson David Clendenin
Office of the Attorney General of Texas

Respectfully submitted,

/s/ Naomi Fenwick
Naomi Fenwick

i

# RULE 35(B)(1) STATEMENT

Cedric Ricks respectfully requests rehearing en banc because the Panel's published decision in *Ricks v. Lumpkin*, _ F.4th _, 2024 WL 4660916 (5th Cir. 2024), contravenes Supreme Court precedent and involves a question of exceptional importance.

1. Where the district court denied Ricks's shackling claim on the merits only, does the Panel's denial of a Certificate of Appealability based on its finding in the first instance that the claim was procedurally defaulted contravene *Slack v. McDaniel*, 529 U.S. 473 (2000)?

2. Does the Panel lack jurisdiction to "assess[], in the first instance and on the limited briefing before [the Panel], whether there exist other independent grounds on which the district court could have denied [movant]'s claim, as a basis for [the Panel] to deny a COA"? *Ricks v. Lumpkin*, _ F.4th _, 2024 WL 4660916, at *3 (5th Cir. 2024) (Higginson, J., dissenting).

The Panel's published decision contravenes Supreme Court precedent and involves a disagreement among the Panel on whether, when assessing whether to grant or deny a Certificate of Appealability ("COA"), a Panel of this Court can find a procedural default in the first instance where the district court adjudicated the claim on the merits only. Moreover, the Panel's published decision announces a novel procedure for assessing whether to grant or deny COA: where a federal district court adjudicated a petitioner's claim on the merits only, this Court may deny a COA by finding in the first instance that the claim is procedurally defaulted. Rehearing en banc is therefore appropriate.

# TABLE OF CONTENTS

CERTIFICATE OF INTERESTED PERSONS ........................................... i

RULE 35(B)(1) STATEMENT ...................................................... ii

TABLE OF CONTENTS ............................................................ iii

TABLE OF AUTHORITIES ........................................................ iv

ISSUES WARRANTING REHEARING EN BANC ................................. 1

STATEMENT OF THE CASE .................................................... 1

ARGUMENT ...................................................................... 6

I.    The Panel's decision conflicts with *Slack v. McDaniel*, 529 U.S. 473 (2000), because the Panel did not assess whether the district court's merits resolution of Ricks's claim was debatable. ............ 7

II.   The Panel lacked jurisdiction to find a procedural default in the first instance. ................................................................. 11

CONCLUSION .................................................................... 14

CERTIFICATE OF SERVICE .................................................... 15

CERTIFICATE OF COMPLIANCE ........................................... 15

# TABLE OF AUTHORITIES

**Page(s)**

**Federal Cases**

*Brown v. Lumpkin,*
No. 23-70004 (5th Cir. Oct. 18, 2024) ...................................................8

*Buck v. Davis,*
580 U.S. 100 (2017) ................................................................. 12, 13

*Miller-El v. Cockrell,*
537 U.S. 322 (2003) ............................................................. 7, 12, 13

*Ricks v. Lumpkin,*
_ F.4th _, 2024 WL 4660916 (5th Cir. 2024) .............................*passim*

*Slack v. McDaniel,*
529 U.S. 473 (2000) ...............................................................*passim*

**Federal Statutes**

28 U.S.C. § 2254 ...........................................................................2

**Constitutional Provisions**

U.S. CONST. AMEND. XIV .............................................................2

## ISSUES WARRANTING REHEARING EN BANC

1. Where the district court denied Ricks's shackling claim on the merits only, does the Panel's denial of COA based on its finding in the first instance that the claim was procedurally defaulted contravene *Slack v. McDaniel*, 529 U.S. 473 (2000)?

2. Does the Panel have jurisdiction to "assess[], in the first instance and on the limited briefing before [the Panel], whether there exist other independent grounds on which the district court could have denied [movant]'s claim, as a basis for [the Panel] to deny a COA"? *Ricks v. Lumpkin*, _ F.4th _, 2024 WL 4660916, at *3 (5th Cir. 2024) (Higginson, J., dissenting).

## STATEMENT OF THE CASE

Ricks was convicted of capital murder and sentenced to death by the 371st District Court of Tarrant County, Texas, on May 16, 2014. ROA.10016. Relevant to this Petition, Ricks was shackled at trial and the jury saw him shackled when the trial court instructed him to step down from the witness stand following his testimony at punishment and walk back to counsel's table in the jury's presence. ROA.443-45. In closing argument, the State "directly tied Ricks's visible shackling to why the jury should find in the affirmative" to the future dangerousness special issue. *Ricks*, _ F.4th _, 2024 WL 4660916, at *4 (Higginson, J., dissenting):

The answer to Special Issue Number 1, undoubtedly, should be yes. This man is a continuing threat wherever he is to whoever he is around. . . .

You saw him walk back to counsel table this morning with shackles on. Everywhere he goes in the Tarrant County Jail, he's shackled and handcuffed. He's not going to be like that in the penitentiary. It's a different setting. It's completely different.

*Id.* at *3 (Higginson, J., dissenting).

The Texas Court of Criminal Appeals ("TCCA") affirmed on October 4, 2017. ROA.11486-531. Ricks filed an application for state habeas relief raising, *inter alia*, the claim that Ricks's appearance in shackles violated his due process rights. ROA.10119. The TCCA denied habeas relief on November 18, 2020, concluding as to the shackling claim that it would not review the claim because Ricks failed to raise it on direct appeal. ROA.12093.

Ricks filed a Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254, ROA.150, and an Amended Petition alleging, *inter alia*, that his visible shackling at trial violated his Fifth, Sixth, and Fourteenth Amendment rights, ROA.443-50. Ricks argued that the TCCA's procedural barring of the claim in state habeas did not constitute an adequate state law ground and the district court could therefore review

the claim on the merits. ROA.449-50 (citing *Ex parte Chavez*, 560 S.W.3d 191, 200-03 (Tex. Crim. App. 2018) (adjudicating a freestanding shackling claim in state habeas even though the claim was not raised on direct appeal)).

The district court denied Ricks's Petition on September 26, 2024. ROA.1344-72. On the merits, the court concluded that (1) the jury's exposure to Ricks's shackling constituted invited error by Ricks and (2) he failed to show prejudice. ROA.1356-57. The district court then denied COA because "reasonable minds could not disagree with this Court's conclusion that Ricks's claims are meritless." ROA.1371-72.

Ricks filed a Motion to Alter or Amend Judgment on the ground, *inter alia*, that the district court erred in concluding that the jury's exposure to Ricks in shackles was invited error and had not engaged with any of Ricks's arguments on harm. ROA.1375-78. Ricks re-emphasized the trial court's instruction that Ricks "step down" from the stand in the presence of the jury and the State's closing argument that Ricks's shackling was evidence of his future dangerousness. ROA.1376-77. The district court denied Ricks's Motion on November 22, 2023, reiterating that it "independently f[ound] that Petitioner deliberately attempted to

manufacture a mistrial by immediately departing the witness stand and returning to the defense table after cross-examination" and that the jury's exposure to Ricks shackled was harmless. ROA.1396-97.

Ricks timely filed a notice of appeal to this Court, ROA.1400-01, and filed a Motion for Certificate of Appealability and Brief in Support, ECF No. 34. Ricks requested COA on five claims, including the shackling claim. *Id.* at 58–70. Because the district court denied the shackling claim on the merits and in accordance with *Slack v. McDaniel*, 529 U.S. 473, 484 (2000), Ricks argued that (1) he had raised a substantial constitutional claim and (2) the district court's conclusion that the claim was meritless was debatable. ECF No. 34 at 58–70.

The Panel denied COA on four claims but was divided on whether to grant COA on the shackling claim. *See Ricks*, _ F.4th _, 2024 WL 4660916, at *2. Regarding the shackling claim, the Panel denied COA, finding "this claim procedurally defaulted." *Id.* The Panel did not address the debatability of the district court's merits resolution of the claim. Instead, it found the claim procedurally defaulted based on the TCCA's finding that Ricks could have raised the claim on direct appeal but failed to do so. *Id.* The Panel further noted that it was "aware of no legal basis

for granting a COA on a claim that is destined to fail due to procedural default." *Id.*

Judge Higginson dissented and would have granted COA on Ricks's shackling claim. *Ricks*, _ F.4th _, 2024 WL 4660916, at *2 (Higginson, J., dissenting). He noted that "the federal district court whose opinion we are reviewing, did not dismiss the claim on procedural grounds, but instead resolved the claim on the merits." *Id.* He further noted that at the COA stage, appellate courts "are not tasked with assessing, in the first instance and on the limited briefing before us, whether there exist other independent grounds on which the district court have denied Ricks's claim." *Id.* Judge Higginson would have granted COA on the shackling claim because the district court's application of invited error to the facts "is one that reasonable jurists could surely debate" and "reasonable jurists could conclude that Ricks's visible shackling—albeit only briefly visible—was inherently prejudicial or that Ricks met his burden" to show prejudice. *Id.* at *3–4.

## ARGUMENT

Rehearing en banc is warranted here because the Panel's published decisions conflicts with Supreme Court precedent. Rehearing is further warranted to address the Panel's novel procedure for assessing whether to grant or deny COA: where a federal district court adjudicated a petitioner's claim on the merits only, this Court may deny COA by finding in the first instance that the claim is procedurally defaulted. *See Ricks*, _ F.4th _, 2024 WL 4660916, at *2.

In denying Ricks a COA on his shackling claim, the Panel did not evaluate the debatability of the district court's merits determination. Instead, it found in the first instance that Ricks's claim was procedurally barred. *Ricks*, _ F.4th _, 2024 WL 4660916, at *2. It also determined that Ricks's claim was "destined to fail due to procedural default." *Id.*

By doing so, the Panel erred in two fundamental ways. First, the Panel's assessment of whether to grant Ricks a COA on his shackling claim directly conflicts with *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Where a claim was denied on the merits, *Slack* requires reviewing courts to consider whether reasonable jurists could debate the district court's merits denial of a constitutional claim. *Id.* But the Panel's decision here

did not address debatability at all and therefore cannot be reconciled with *Slack*. Second, the Panel lacked jurisdiction to find in the first instance that the shackling claim was procedurally defaulted and was "destined to fail." *See Ricks*, _ F.4th _, 2024 WL 4660916, at *2. At the COA stage, federal appellate courts' jurisdiction is limited to assessing whether reasonable jurists could debate the district court's resolution of a claim; they lack jurisdiction to resolve the ultimate outcome of a constitutional claim. *See Miller-El v. Cockrell*, 537 U.S. 322, 342 (2003).

## I. The Panel's decision conflicts with *Slack v. McDaniel*, 529 U.S. 473 (2000), because the Panel did not assess whether the district court's merits resolution of Ricks's claim was debatable.

The Supreme Court has clearly delineated how federal appellate courts are to evaluate whether to grant COA on claims that the district court has denied on the merits versus claims that the district court denied on procedural grounds. "Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack*, 529 U.S. at 484. Whether to grant COA as to claims denied on procedural grounds, by

contrast, has "two components, one directed at the underlying constitutional claims and one directed at the district court's procedural holding." *Id.* at 484–85. Thus, "[w]hen the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim," federal appellate courts assesses whether "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* at 484.

Moreover, as the foregoing makes clear, the focus of the COA assessment is the debatability of the *federal district court's* resolution of the claim. *See id.* at 484–85; *see also Brown v. Lumpkin*, No. 23-70004 (5th Cir. Oct. 18, 2024) ("Because the district court conducted a de novo review of this *Strickland* claim and denied it on the merits, we are tasked with deciding only whether reasonable jurists could disagree with the district court's resolution."); *Ricks*, _ F.4th _, 2024 WL 4660916, at *3 (Higginson, J., dissenting) (noting that it is "the federal district court [] whose opinion we are reviewing"). Thus, where a federal district court

denies a claim on the merits, *Slack* requires federal appellate courts to assess the debatibility of *the district court's merits adjudication*.

The Panel's denial of Ricks's shackling claim cannot be reconciled with *Slack*. At the outset, the Panel correctly notes that "[t]he district court rejected Ricks' claim for two central reasons. Ricks exposed his shackles to the jury on his own, and Ricks failed to provide any evidence showing that the exposure of the shackles or the trial court's actions amounted to a 'substantial and injurious effect or influence in determining the jury's verdict.'" *Ricks*, _ F.4th _, 2024 WL 4660916, at *2 (quoting *Hatten v. Quarterman*, 570 F.3d 595, 604 (5th Cir. 2009)). This was an adjudication on the merits. *See* ROA.1371-72 (determining that "reasonable minds could not disagree with this Court's conclusion that Ricks's claims are meritless"); ROA.1387 n.5 (conceding that the district court addressed the merits of Ricks's shackling claim); *see also Ricks*, _ F.4th _, 2024 WL 4660916, at *3 (Higginson, J., dissenting) (noting that "the federal district court, whose opinion we are reviewing, did not dismiss the claim on procedural grounds, but instead resolved the claim on the merits").

*Slack* thus requires this Court to determine whether "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack*, 529 U.S. at 484. But rather than engage in that analysis, the Panel based its COA denial on a state procedural bar that the district court never found, let alone identified. *Compare Ricks*, _F.4th _, 2024 WL 4660916, at *2 (finding the claim procedurally defaulted), *with* ROA.1356-57 (determining that Ricks's due process rights were not violated because he invited error and that Ricks failed to demonstrate prejudice without discussing the procedural bar the TCCA imposed).[1] In other words, far from reviewing whether reasonable jurists could debate the *federal district court's* adjudication on the merits, the Panel instead rested its determination on the *state* court's procedural ruling—all without any discussion about debatability. But as the dissent points out, pursuant to *Slack*, at this stage this Court is tasked with determining only whether reasonable jurists would find the district court's merits resolution of the constitutional claim debatable or wrong. *Ricks*, _ F.4th _, 2024 WL 4660916, at *3 (Higginson, J., dissenting)

---

[1] Ricks maintains his argument that this procedural rule was not adequate as a matter of federal law for the reasons he has previously identified. ROA.449-50; ROA.1218-23; ECF No. 34 at 68 n.8.

(citing *Slack*, 529 U.S. at 484). The Court is "not tasked with assessing, in the first instance and on the limited briefing before us, whether there exist other independent grounds on which the district court could have denied Ricks's claim, as a basis for us to deny a COA." *Id.* (Higginson, J., dissenting).

Because the Panel decision plainly conflicts with *Slack*, this Court should grant rehearing en banc.

## II. The Panel lacked jurisdiction to find a procedural default in the first instance.

The Supreme Court has made clear that courts lack jurisdiction to decide the ultimate outcome of a constitutional claim at the COA stage. *See Miller-El*, 537 U.S. at 335–36. Issuance of a COA is a "jurisdictional prerequisite" such that "until a COA has been issued federal courts of appeals lack jurisdiction to rule on the merits of appeals from habeas petitioners." *Id.* at 336; *see id.* at 356 (Thomas, J., dissenting) ("I agree with the majority that the existence of a COA is a jurisdictional prerequisite to the merits appeal."). That appellate courts lack jurisdiction at the COA stage to decide the outcome of a claim is "fundamental." *Id.* at 342.

The Supreme Court has further explained that the COA "inquiry does not require full consideration of the factual or legal bases supporting the clam. In fact, the statute forbids it." *Miller-El*, 537 U.S. at 336. Thus, the Court does "not require petitioner to prove, before the issuance of a COA, that some jurists would grant the petition for habeas corpus. Indeed, a claim can be debatable even though every jurist of reason might agree, after the COA has been granted and the case has received full consideration, that petitioner will not prevail." *Id.* at 338. As such, "[t]hat a prisoner has failed to make the ultimate showing that his claim is meritorious does not mean he logically failed to make a preliminary showing that his claim was debatable." *Buck v. Davis*, 580 U.S. 100, 116 (2017).

The Panel lacked jurisdiction at the COA stage to find that Ricks's shackling claim was procedurally defaulted and "destined to fail." *Ricks*, _F.4th _, 2024 WL 4660916, at *2. As set out above, the district court denied the claim on the merits. The Panel's only task was therefore to assess the debatability of that merits adjudication. It was "not tasked with assessing, in the first instance and on [] limited briefing [], whether there exist" a procedural default. *Id.* at * (Higginson, J., dissenting). The

Panel likewise did not have jurisdiction to determine that the claim was "destined to fail." *Id.* at *2. That appellate review may ultimately hold that the shackling claim is procedurally defaulted does not preclude the grant of a COA. *See Buck*, 580 U.S. at 116.

Finally, the Panel's lack of jurisdiction to find a procedural default and therefore side-step the debatability of the district court's merits adjudication is especially concerning for two reasons. First, although the Panel said that it was "aware of no legal basis for granting COA on a claim that is destined to fail," the controlling Supreme Court precedent specifically holds that a federal appellate court at the COA stage lacks jurisdiction to engage in precisely this analysis. *See Miller-El*, 537 U.S. at 336, 342. Second, the Panel's invocation of cause and prejudice is unwarranted where Ricks argued that the state procedural bar was not adequate as a matter of federal law such that the shackling claim could be reviewed on the merits. The Panel lacked jurisdiction to make that assessment. And as Judge Higginson noted, the Panel's decision rested on "limited briefing" and that briefing never addressed cause and prejudice. *Ricks*, _F.4th _, 2024 WL 4660916, at *3 (Higginson, J., dissenting).

**CONCLUSION**

For the foregoing reasons, Ricks respectfully requests that this Court grant rehearing en banc.

Dated: November 18, 2024

Respectfully submitted,

JASON D. HAWKINS
Federal Public Defender

*/s/ Jeremy Schepers*
Jeremy Schepers
Supervisor, Capital Habeas Unit
jeremy_schepers@fd.org

*/s/ Naomi Fenwick*
Naomi Fenwick
Assistant Federal Public Defender
naomi_fenwick@fd.org

*/s/ Kathryn Wood Hutchinson*
Kathryn Wood Hutchinson
Assistant Federal Public Defender
katy_hutchinson@fd.org

Office of the Federal Public Defender
Northern District of Texas
525 South Griffin Street, Suite 629
Dallas, Texas 75202
214.767.2746
214.767.2886 (fax)

## CERTIFICATE OF SERVICE

I hereby certify that on November 18, 2024, I electronically filed the foregoing with the Clerk of the United States Court of Appeals for the Fifth Circuit using the CM/ECF system.

Jay Clendenin
Criminal Appeals Division
Office of the Attorney General
P.O. Box 12548
Capitol Station
Austin, TX 78711
jay.clendenin@oag.texas.gov

*/s/ Naomi Fenwick*
Naomi Fenwick

## CERTIFICATE OF COMPLIANCE

I certify that (1) this document was prepared in 14-point Century Schoolbook font using Microsoft Word software, (2) this document is 2,938 words, excluding the portions exempted by the rules of this Court, and (3) this document has been scanned for viruses and is virus-free. Counsel further certifies that any required privacy redactions have been made in compliance with Fifth Circuit Rule 25.2.13.

*/s/ Naomi Fenwick*
Naomi Fenwick

# Appendix A

# United States Court of Appeals
# for the Fifth Circuit

---

No. 23-70008

---

United States Court of Appeals
Fifth Circuit

**FILED**

November 4, 2024

Lyle W. Cayce
Clerk

Cedric Allen Ricks,

*Petitioner—Appellant,*

*versus*

Bobby Lumpkin, *Director, Texas Department of Criminal Justice, Correctional Institutions Division,*

*Respondent—Appellee.*

---

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:20-CV-1299

---

Before Jones, Higginson, and Ho, *Circuit Judges.*

James C. Ho, *Circuit Judge*:

Cedric Allen Ricks was convicted in Texas state court of capital murder and sentenced to death for murdering his girlfriend and her eight-year-old son. Following the denial of his direct appeal and state habeas petition, Ricks filed this habeas petition in federal district court. The district court denied all claims. It also denied a certificate of appealability.

Ricks now asks our court for a COA on several of his claims. We deny the motion for a COA.

No. 23-70008

\* \* \*

We may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). For claims decided on procedural grounds, the applicant must demonstrate that reasonable jurists would find debatable "whether the petition states a valid claim of the denial of a constitutional right" and "whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). For claims decided on the merits, the applicant must show that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.*

For claims that have been decided by the state court on the merits, we must apply the standards of review in the Antiterrorism and Effective Death Penalty Act (AEDPA). That is, "we may not issue a COA unless reasonable jurists could debate that the state court's decision was either contrary to, or involved an unreasonable application of, clearly established Federal law, or was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." *Harper v. Lumpkin*, 64 F.4th 684, 690 (5th Cir. 2023). Otherwise, we review de novo. *Nelson v. Davis*, 952 F.3d 651, 658 (5th Cir. 2020).

First, Ricks raises a *Batson* claim, arguing that the prosecution discriminated against two prospective black jurors. Specifically, he argues that the prosecution struck two black jurors because of their race, and that these jurors were subject to disparate questioning. The district court denied the claim on the merits. It found that Ricks failed to establish a prima facie case of discriminatory treatment. While the prosecution struck two prospective black jurors, it also accepted two black jurors as venire members. The district court also found the prosecution's race-neutral justifications for striking the two jurors as credible and supported by the record. *See Rhoades v. Davis*, 914

No. 23-70008

F.3d 357, 382–83 (5th Cir. 2019).  The court also found no pattern of racially disparate questioning.  Furthermore, the notation of racial identity in the prosecution's jury selection notes does not, without more, constitute racial discrimination.  *See Broadnax v. Lumpkin*, 987 F.3d 400, 410 (5th Cir. 2021) (noting that a spreadsheet noting the ethnicity and gender of jury members is not alone a "smoking gun" that can render the racially neutral justifications as pretextual).

Because the district court's determinations are consistent with our precedent, and because a trial court's denial of a *Batson* claim is entitled to great deference, *Felkner v. Jackson*, 562 U.S. 594, 598 (2011) (per curiam), we conclude that reasonable jurists would not likely find the assessment debatable or wrong.  No COA will issue on this claim.

Next, Ricks raises a claim of ineffective assistance of appellate counsel for failing to raise the *Batson* claim on appeal.  This claim was denied on the merits by the state court.  Therefore, we must deny the request for COA on this claim "unless reasonable jurists could debate that the state court's decision was contrary to, or involved an unreasonable application of, clearly established Federal law."  *Harper*, 64 F.4th at 692 (cleaned up).  To establish ineffective assistance of appellate counsel, Ricks must show that the counsel's performance was deficient, and that the performance prejudiced his defense.  *Strickland v. Washington*, 466 U.S. 668, 689–94 (1984).  Because we find his *Batson* claim meritless as discussed above, his appellate counsel's failure to raise the claim on appeal was neither unreasonable nor prejudicial.

Third, Ricks purports that his due process rights were violated when the jury saw him wearing shackles.  The district court rejected Ricks' claim for two central reasons:  Ricks exposed his shackles to the jury on his own, and Ricks failed to provide any evidence showing that the exposure of the shackles or the trial court's actions amounted to a "substantial and injurious

No. 23-70008

effect or influence in determining the jury's verdict." *Hatten v. Quarterman*, 570 F.3d 595, 604 (5th Cir. 2009) (citation omitted).

We find this claim procedurally defaulted. A federal court "will not review a question of federal law decided by a state court if the decision of that court rests on a state law ground that is independent of the federal question and adequate to support the judgment." *Coleman v. Thompson*, 501 U.S. 722, 729 (1991). Ricks did not raise this claim in his direct appeal. Accordingly, the Texas Court of Criminal Appeals held the claim procedurally barred in his state habeas petition. *See Ex Parte Ricks*, 2020 WL 67777958, at *1 (Tex. Crim. App. 2020). *See also Ex Parte Nelson*, 137 S.W.3d 666, 667 (Tex. Crim. App. 2004) ("We have said countless times that habeas corpus cannot be used as a substitute for appeal, and that it may not be used to bring claims that could have been brought on appeal."); *Busby v. Dretke*, 359 F.3d 708, 719 (5th Cir. 2004) (recognizing the direct appeal rule as an independent state law ground that bars habeas review). Because his due process claim for shackling is procedurally defaulted, and he has not shown cause or prejudice to overcome it, no COA will issue on this claim.

Our dissenting colleague would grant a COA on the shackling claim. He contends that we should not deny the COA based on procedural default, because the district court reached the merits of this claim, without addressing procedural default. But we are aware of no legal basis for granting a COA on a claim that is destined to fail due to procedural default.

Lastly, Ricks also brings an ineffective assistance of counsel claim against his trial counsel for failure to object to shackling and failure to raise peremptory challenges to the State's strikes against nine female venire members.

We reject both arguments. First, we find that trial counsel's decision to refrain from objecting to the shackling was not unreasonable. As the state

No. 23-70008

habeas court concluded, the omission was a strategic choice to not draw further attention to the shackles.  Second, we find trial counsel's failure to object to the State's strikes against the female venire members to be reasonable.  Although the State used nine peremptory strikes on female venire members, it offered gender-neutral explanations for its challenges. The State also accepted nine other female members.

\* \* \*

We deny the motion for a COA.

No. 23-70008

Stephen A. Higginson, *concurring in part, dissenting in part*:

I agree with the majority's decision to deny a certificate of appealability on the *Batson*-related claims and the ineffective-assistance-of-counsel claims. I write separately because I would grant a COA on Ricks's due process claim, which arises from his briefly visible shackling in front of the jury during the sentencing phase of trial.

The majority concludes that this claim is procedurally defaulted, relying, in part, upon the CCA's holding that Ricks should have brought this claim on direct appeal. However, the federal district court, whose opinion we are reviewing, did not dismiss the claim on procedural grounds, but instead resolved the claim on the merits. We are tasked with addressing whether "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). We are not tasked with assessing, in the first instance and on the limited briefing before us, whether there exist other independent grounds on which the district court could have denied Ricks's claim, as a basis for us to deny a COA.

Returning to our review of the district court's order, reasonable jurists could disagree as to the lower court's assessment of the merits of Ricks's due process claim. The Supreme Court has held that visible shacking of a defendant during the punishment stage of trial may violate the Fifth and Fourteenth Amendment:

> The appearance of the offender during the penalty phase in shackles, however, almost inevitably implies to a jury, as a matter of common sense, that court authorities consider the offender a danger to the community—often a statutory aggravator and nearly always a relevant factor in jury decisionmaking, even where the State does not specifically argue the point.

No. 23-70008

*Deck v. Missouri*, 544 U.S. 622, 633 (2005). Post-*Deck*, our court has reaffirmed its prior narrower holding that "brief and inadvertent exposure to jurors of defendants in handcuffs is not so inherently prejudicial as to require a mistrial; in such cases, defendants bear the burden of affirmatively demonstrating prejudice" *United States v. Turner*, 674 F.3d 420, 435 (5th Cir. 2012) (internal quotation marks and citations omitted).

Here, the district court determined that Ricks exposed the shackles on his own accord and therefore was not entitled to relief under the invited error doctrine. When Ricks concluded his testimony during the punishment stage, the state trial court judge directed, "you may step down, sir," which is what Ricks did. From that interaction, the district court concluded that Ricks chose to stand up and to return to the defense table of his own volition before any party could object. While Ricks did step down from the witness chair of his own physical volition, he did so in response to an instruction from the trial judge. Whether that behavior constitutes invited error that precludes relief is one that reasonable jurists could surely debate.

In the alternative, the district court concluded that, even if Ricks had not invited error, Ricks still failed to show that the shackles had "a substantial and injurious effect or influence in determining the jury's verdict." *Hatten v. Quarterman*, 570 F.3d 595, 604 (5th Cir. 2009). Reasonable jurists could also conclude that this assessment is debatable. While "brief and inadvertent exposure" to jurors of a defendant in handcuffs does not mandate a mistrial, *Turner*, 674 F.3d at 435, whether such prejudice occurred here warrants further exploration, see *Slack*, 529 U.S. at 484. While the jury may have seen Ricks in shackles only briefly, the State affirmatively chose to remind the jury of what they saw during its closing argument of the penalty stage:

No. 23-70008

> The answer to Special Issue Number 1, undoubtedly, should be yes. This man is a continuing threat wherever he is to whoever he is around. . . .
>
> You saw him walk back to counsel table this morning with shackles on. Everywhere he goes in the Tarrant County Jail, he's shackled and handcuffed. He's not going to be like that in the penitentiary. It's a different setting. It's completely different.

The State directly tied Ricks' visible shackling to why the jury should find in the affirmative to Special Issue Number 1, which asked "whether there is a probability that the defendant would commit criminal acts of violence that would constitute a continuing threat to society." Tex. Code Crim. Proc. art. 37.071, §2(b)(1). In *Deck*, the Supreme Court stated that visible shackling during the punishment stage "implies" to a jury that the defendant is a continuing threat to the community, 544 U.S. at 633; here, the State went even further and explicitly made that argument to the jury.

With this backdrop, reasonable jurists could conclude that Ricks's visible shackling—albeit only briefly visible—was inherently prejudicial or that Ricks met his burden in demonstrating it had a "substantial and injurious effect" on the jury's verdict. Because "reasonable jurists would find the district court's assessment of the constitutional claims debatable," *Slack*, 529 U.S. at 484, I dissent.